UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

STEFANO FLORIS, on behalf of himself and
others similarly situated,

    Plaintiff,

vs.

RIO STATION JUICE BAR, INC., a Florida
profit corporation, and RODOLFO CARDOSO,
an individual,

    Defendants.
_____/

**COLLECTIVE ACTION COMPLAINT**

## COLLECTIVE ACTION COMPLAINT

COMES NOW Plaintiff STEFANO FLORIS ("Mr. Floris" or "Plaintiff"), on behalf of himself and others similarly situated, who was an employee of Defendants RIO STATION JUICE BAR, INC. d/b/a Rio Station Grill, a Florida profit corporation, and RODOLFO CARDOSO, an individual (together, "Defendants"), and files this Collective Action Complaint for unpaid minimum wage compensation, unpaid overtime wage compensation, liquidated damages, return of tips wrongfully taken, and other relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. (hereinafter, the "Act" or "FLSA"), and for a declaration of rights.

### I. JURISDICTION AND VENUE

1. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Defendants transact business in this District; because all wages were earned and due to be paid in this District; because Defendants' restaurant is situated in this District; and because most, if not all, of the operational decisions were made in this District.

1

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

2. This Court has original jurisdiction over Plaintiff's federal question claims.

## II.     PARTIES

3. Plaintiff STEFANO FLORIS ("Mr. Floris") is over 18 years old and was a *sui juris* resident of Miami-Dade County, Florida, at all times material. Mr. Floris was an hourly, non-exempt employee of Defendants, as the term "employee" is defined by 29 U.S.C. § 203(e).

4. Defendant RIO STATION JUICE BAR, INC. is a Florida for profit corporation that has owned and operated the Rio Station Grill ("Rio Station Grill"), located at 613 Lincoln Road, Miami Beach, Florida.

5. Defendant RODOLFO CARDOSO ("Cardoso"), an individual and *sui juris*, was a manager, owner and employer at RIO STATION JUICE BAR, INC. d/b/a Rio Station Grill, the restaurant at which Plaintiff was employed. Cardoso acted directly and indirectly in the interest of RIO STATION JUICE BAR, INC. d/b/a Rio Station Grill. Cardoso managed RIO STATION JUICE BAR, INC. d/b/a Rio Station Grill and had the power to direct employees' actions. Cardoso had management responsibilities, degree of control over RIO STATION JUICE BAR, INC. d/b/a Rio Station Grill's financial affairs and compensation practices, and was in a position to exert substantial authority over policy relating to employee wages and whether to compensate (or not to compensate) employees at RIO STATION JUICE BAR, INC. d/b/a Rio Station Grill in accordance with the FLSA making Defendant Rodolfo Cardoso an employer pursuant to 29 USC § 203(d).

## III.     COVERAGE

6. During all material times, Defendant RIO STATION JUICE BAR, INC. d/b/a Rio Station Grill was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s), in that it was engaged in commerce or in the production of goods for commerce

2

within the meaning of § 29 U.S.C. 203(s)(1) of the Act, in that the enterprise had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

7. During all material times, Defendant RIO STATION JUICE BAR, INC. was an employer as defined by 29 U.S.C. § 203(d).

8. During all material times, Defendant CARDOSO was an employer as defined by 29 U.S.C. § 203(d).

9. Defendants are joint employers under 29 C.F.R. 791.2(b)(3) because the Defendants are not completely disassociated with respect to the employment of Plaintiff, and may be deemed to share control of the employee, directly or indirectly, by reason of the fact that one employer controls, is controlled by, or is under the common control with the other employer.

10. During all material times, RIO STATION JUICE BAR, INC. had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

11. During all material times, RIO STATION JUICE BAR, INC. employed two or more people.

### IV. FACTUAL ALLEGATIONS

12. The relevant time period for this action under the FLSA is a maximum of three years prior to date of filing ("Relevant Time Period").

13. Throughout the Relevant Time Period, Defendants operated a restaurant known as the Rio Station Grill ("Rio Station Grill"), located at 613 Lincoln Road, Miami Beach, Florida.

14. Mr. Floris worked as a tipped employee (server) for Defendants from December, 2017 through December, 2018.

15. During the Relevant Time Period, the applicable Florida minimum wage was $8.10 per hour in 2017 and $8.25 in 2018.

16. During the Relevant Time Period, the applicable overtime wage was one-and-a-half times Mr. Floris's regular rate of pay.

17. Under the FLSA, if an employer satisfies the requirements of 29 U.S.C. 203(m), it may apply a portion of a tipped employee's tips (this portion known as the "tip credit") up to a maximum of $3.02 per hour in Florida towards satisfaction of its obligation to pay its employees the minimum wage. This tip credit may apply to both regular and overtime hours worked. The burden is on the employer to prove they are entitled to apply the tip credit.

18. To utilize the tip credit under the FLSA, the employer must pay its tipped employees the proper minimum and overtime wage for tipped employees and allow its tipped employees to retain all the tips they receive, except when there is a valid arrangement for "pooling of tips among employees who customarily and regularly receive tips." 29 U.S.C. § 203(m). If an employer fails to satisfy either requirement, it may not take advantage of the tip credit and must pay its tipped employees the full applicable minimum and overtime wage.

19. Throughout his employment as a tipped employee at Rio Station Grill, the Defendants claimed the tip credit even though Mr. Floris was required to share his tips with non-tipped employees, such as kitchen staff, managers and owners.

20. Mr. Floris was required to pay for impermissible business expenses, such as the maintenance of his required work uniform.

21. Mr. Floris was required to perform non-tip-producing sidework for 20% or more of his work time.

4

Law Office of Lowell J. Kuvin
17 East Flagler Street · Suite 223 · Miami, Florida 33131 · Tel.: 305.358.6800 · Fax: 305.358.6808

22. Throughout his employment, Plaintiff regularly worked in excess of forty (40) hours per seven-day week.

23. As the result of the above violations, Defendants did not satisfy the requirements of 29 U.S.C. 203(m) during the Relevant Time Period and thus cannot apply Plaintiff's tips towards satisfaction of Defendants' minimum and overtime wage obligation, and must therefore pay Plaintiff the full minimum wage for each regular hour worked and the overtime wage for each overtime hour worked.

24. Because of the institution and maintenance of the illegal tip credit violations, and the lack of notice required, Defendants willfully engaged in practices that denied Plaintiff his applicable minimum and overtimes wages under the FLSA.

25. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I
## FAILURE TO PAY MINIMUM WAGE IN
## <u>VIOLATION OF THE FLSA, 29 U.S.C. § 201,</u> *et seq*

26. Plaintiff reincorporates and re-alleges paragraphs 1 through 25 as though set forth fully herein and further alleges as follows:

27. Plaintiff was an employee of Defendants under the FLSA.

28. Defendants claimed the tip credit in paying Plaintiff below the Florida minimum wage.

29. For one or more weeks, Plaintiff was required to share his tips with non-tipped employees.

30. Because Plaintiff was required to share his tips with non-tipped employees, for one or more weeks Plaintiff was not paid the minimum wages required by law.

31. Defendants knew or showed reckless disregard for whether the FLSA permitted its conduct.

5

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

32. As a direct and proximate result of paying Plaintiff below the minimum wage as a tipped employee and requiring him to share his tips with non-tipped employees, Plaintiff has been damaged for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff STEFANO FLORIS demands judgment in his favor and against Defendants RIO STATION JUICE BAR, INC. and RODOLFO CARDOSO, jointly and severally, as follows:

   a) Award to Plaintiff for payment of all hours worked up to forty per workweek at the full minimum wage;

   b) Award to Plaintiff liquidated damages equal to the payment of all hours worked up to forty per workweek at the full minimum wage or, if liquidated damages are not awarded, then prejudgment interest;

   c) Award to Plaintiff reasonable attorneys' fees and costs; and

   d) Award such other and further relief as this Court may deem just and proper.

## COUNT II
## FAILURE TO PAY OVERTIME WAGE COMPENSATION
## IN VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq*

33. Plaintiff reincorporates and re-alleges paragraphs 1 through 25 as though set forth fully herein and further alleges as follows:

34. Plaintiff was an employee of Defendants under the FLSA.

35. Plaintiff regularly worked hours in excess of forty per workweek.

36. Defendants claimed the tip credit in paying Plaintiff overtime wages.

37. For one or more weeks, Plaintiff was required to share his tips with non-tipped employees.

38. Because Plaintiff was required to share his tips with non-tipped employees, for one or more weeks Plaintiff was not paid the overtime wages required by law.

6

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

39. Defendants knew or showed reckless disregard for whether the FLSA permitted its conduct.

40. As a direct and proximate result of paying Plaintiff below the overtime wage as a tipped employee and requiring him to share his tips with non-tipped employees, Plaintiff has been damaged for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff STEFANO FLORIS demands judgment in his favor and against Defendants RIO STATION JUICE BAR, INC. and RODOLFO CARDOSO, jointly and severally, as follows:

   a) Award to Plaintiff for payment of all hours worked in excess of forty per workweek at a rate of one-and-a-half times his regular rate of pay;

   b) Award to Plaintiff liquidated damages equal to the payment of all hours worked in excess of forty per workweek at a rate of one-and-a-half times his regular rate of pay or, if liquidated damages are not awarded, then prejudgment interest;

   c) Award to Plaintiff reasonable attorneys' fees and costs; and

   d) Award such other and further relief as this Court may deem just and proper.

## COUNT III
## DECLARATION OF RIGHTS

41. Plaintiff reincorporates and re-alleges paragraphs 1 through 25 as though set forth fully herein and further alleges as follows:

42. Plaintiff and Defendants have a pending dispute under the FLSA, which this Court has jurisdiction to decide pursuant to 29 U.S.C. § 1331.

43. The Court also has jurisdiction over Plaintiff's request for a declaration of rights pursuant to 29 U.S.C. §§ 2201, 2202.

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

44. Defendants did not rely on a good faith defense in paying Plaintiff to work as a tipped employee but requiring him to share his tips with non-tipped employees.

45. A declaration of rights would serve the useful purpose of clarifying and settling the legal relations at issue.

46. The entry of a declaration of the rights of the parties herein would afford relief from uncertainty, insecurity, and controversy giving rise to this proceeding as affecting Plaintiff from Defendants, now and in the future.

WHEREFORE, Plaintiff STEFANO FLORIS demands judgment in his favor and against Defendants RIO STATION JUICE BAR, INC. and RODOLFO CARDOSO, jointly and severally, as follows:

a) Issue declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the FLSA;

b) Enjoin Defendants from further violations of the FLSA;

c) Award Plaintiff reasonable attorneys' fees and costs;

d) Award such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted this 20th day of December, 2018.

By: **s/Robert W. Brock II**
Robert W. Brock II, Esq.
Florida Bar No. 75320
robert@kuvinlaw.com
legal@kuvinlaw.com
*Law Office of Lowell J. Kuvin*
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel.: 305.358.6800

8

Fax: 305.358.6808  
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **December 20, 2018**, I electronically filed the foregoing document via CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified in the attached Service in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF, or in some other manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

By: **s/Robert W. Brock II**
Robert W. Brock II, Esq.
*Attorney for Plaintiff*

**FLORIS v. RIO STATION JUICE BAR, INC. and CARDOSO**
**Case No.:**

9

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808